# Court of Appeals
# of the State of Georgia

ATLANTA,  July 10, 2026

*The Court of Appeals hereby passes the following order:*

**A26A2387.   MUHAMMAD   YASIN   MALIK   v.   MASJID   JAMIA MUHAMMADIA, INC.**

Masjid Jamia Muhammadia, Inc. ("Muhammadia") filed a petition for a dispossessory writ and past due rents against Muhammad Yasin Malik ("Malik"). Malik filed an answer and counter-claim, in which he asserted that he had an equitable interest in the property and asked the court to recognize that interest or award him $250,000.00 for the improvements he made to the property. At Malik's request, the magistrate court transferred the case to the superior court. On June 23, 2025, the superior court entered a final order determining that Malik was a tenant-at-will on the property, but Muhammadia failed to give Malik the required 60-days notice to terminate the tenancy. Accordingly, the superior court dismissed the action without prejudice. On July 21, 2025, Malik filed a notice of appeal.[1] We lack jurisdiction.

Although as a general rule a notice of appeal must be filed within thirty days of entry of the order sought to be appealed, see OCGA § 5-6-38(a), appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56(b)(1); *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-36 (715 SE2d 752) (2011). "In determining the appropriate

---

[1] It appears that Malik also filed a separate action seeking an injunction and equitable partition of the property or, in the alternative, damages. Malik's notice of appeal indicates that he is appealing the determination in the dispossessory case that he was a tenant-at-will even though the companion case to determine his equitable interest in the property had not yet been heard.

appellate procedure, the underlying subject matter generally controls over the relief sought[.]" *Loganville Pediatrics & Adolescent Care Assocs. Corp. v. VMM*, 378 Ga. App. 490, 492 (925 SE2d 204) (2026) (quotations and citations omitted). "[W]here the action beg[ins] and continue[s] as a dispossessory action, an appeal from any judgment in the proceeding must be filed within seven days." Id. (quotations and citations omitted). "[B]ecause this case began and has retained its character as a dispossessory action, [Malik] was required to file . . . [his] notice of appeal within seven days of the orders [he] sought to appeal. Id. at 493(1).

The proper and timely filing of a notice of appeal is an "absolute requirement" to confer jurisdiction on this Court. *Radio Sandy Springs*, 311 Ga. App. at 336. Because Malik did not file his notice of appeal until 28 days after the court entered its final order in this dispossessory action, this appeal is untimely. Accordingly, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__07/10/2026_____*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*